Colcock, J.
In framing indictments the law requires the greatest certainty. For this purpose, the charge must contain a certain description of the crime of which the defendant is accused, and a statement of those facts by which it is constituted; and this is said to be necessary, that the grand jury may clearly understand what is the offence charged, that' the defendant may know what crime he is called upon to answer, and thereby be enabled to determine whether the evidence supports the charge, that the court may see a definite offence, and be enabled to apply the proper punishment, and lastly that the defendants conviction or acquittal may ensure his subsequent protection, by enabling him to plead it in bar to any subsequent prosecution for the same offence. The certainty essential to the charge consists in two parts, the matter to be charged and the manner of charging it. (1 Chitty Crim. Law 169.) And it is a general-rule, that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. And this rule applies as well to those which take away the benefit of clergy from offences which exist at the common law, as to those by which new felonies are created; and a conclusion, “ contrary to the form of the statute, &tc.” will not aid a defect in this respect; and not even the fullest description of the offence, were it even in the terms of a legal definition would be sufficient without keeping close to the expressions of the statute. (1 Chitty id.) According to these rules it is clear that the prisoner must succeed on the first grounds in arrest of judgment.
*445 it is attempted to support the charge as one against uie act of 1801 making it a capital offence to forge or alter the instruments therein enumerated; among which are receipts for money and receipts for goods. Now to have brought the offence within the act it should have been alleged in the indictment that this was a receipt for money or goods. Upon its face it is neither the one or the other; that is, it is not a receipt for money, nor a receipt for goods, (eo nomine.) If it had been intended to consideritas such there should have been proper averments and innuendoes to shew that it was so, or might be so, considered. The indictmentdoesno more than charge the forgery of the instrument, in words, letters, figures and ciphers following; then follows the receipt which is for a note of hand for $96,84, for balance of book account, which makes it an indictment at the common law. The concluding words contrary to the statute, &c. as we have before seen, do not give character to the offence, and may be stricken out as surplussage. The charge cannot then be supported as a statutory offence, though it may be a common law offence.
I now proceed to examine the grounds for a new trial. The first of which is that the prosecutor W. H, Cotter who gave the receipt was admitted as a competent witness to prove the forgery. The English rule on this subject has been acquiesced in. In Massachusetts and Pennsylvania, a contrary doctrine has been established. (1 Mass. Rep. 7. 3 Do. 83. 1 Dallas 110. 2 Do. 239.) Mr. Day considers the law as unsettled in Connecticut. I do not know of any case in which the point has lately been decided here. Chancellor Kent while chief justice in New York, in commenting on a case said to have been decided by that court in the year 1794, very properly remarks, that latterly the question of interest had been investigated and defined with more precision both in England and America. The rule (he says) now is, in all such cases, and 1 believe I may say in all criminal cases, that the witness, is to be received if he *446 be not interested in the event of the suit, so that the verdict could be given in evidence in an action in which he was a party. The interest the vitae ss may have in the question put, is no longer the test. The degree of interest goes only to the credit of the witness. The exclusion of the witness in the case of forgery has therefore now become an anomaly in the law of evidence; for it is certain that the conviction of the party charged with forging a paper cannot be given in evidence in a subsequent suiton that paper; and as the reason, of the old rule has ceased by a sounder definition of the question of interest, and as it is not now applied to other criminal cases, it would seem to be fit and proper that the rule itself should no longer be applied to the case of forgery. But the case before us is within the British rule, for the witness had no interest in the paper, it had done its office. The note for which it had been given was paid and also the matters between the parties to a subsequent period had been settled; he was therefore competent. And this brings me to the second ground, that the record should not have been given in evidence, because it was not a record between the same parties, viz: These two questions elucidate each other., It is not necessary to decide how this record might be considered as evidence. For the purpose for which it was introduced, it certainly was admissible. Now, as to the question of interest which the witness had in the receipt, it certainly was a question between the parties, witness and prosecutor,, who were the parties to the record, and who had an oppor - tunity of cross examining witnesses, a^nd a right to appeal But a record, like any other writing, may be produced to. prove a collateral fact, as was the case in this instance. It was. produced to shew that all matters were settled between the parties and that the receipt had not been taken into the account. Why, the record did not state. So that the objection that it was used to show that the arbitrators considered it a forgery, could not have been founded on the record, but must have proceeded from what the arbitrators themselves said. The *447 prisoner had contended that Cotter was an interested witness, íhe state was then called on to shew that he could have no possible interest in the receipt. This record proved the fact, As to the last ground taken for a new trial; that the verdict was against the evidence, the motion must fail; for there certainly was sufficient evidence, if the jury believed the witnesses; and there does not appear any sound reason, why they should not have done so.
Peareson, Sol. contra.
The motion for anew trial is refused. The judgment is arrested so far as the indictment professes to charge a statutory offence, and the prisoner is remanded to receive the sentence of the common law. (a.)
O’Neal and Sims for the motion.

, (a.) See the case of the ICing vs. Fraud, 1 Brod.and Bing. 300, where it was held a forgery, although no such person existed as the individual purporting to have drawn the order.